**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DIGITAL DÉCOR INTERNATIONAL, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZEMER, INC. and )<br>JORDAN GUIDE, )<br>)<br>Defendants. ) | Case No. 17-cv-7986<br><br>JURY DEMANDED |

**COMPLAINT**

Digital Décor International, LLC ('Digital'), by its attorneys, files this Complaint for breach of contract against Zemer, Inc. ('Zemer') and Jordan Guide ('Guide'), alleging as follows:

**NATURE OF THE CASE**

1. This is an action for breach of contract. It arises from the breaches by Zemer and Guide of their promises and obligations under the parties Asset Purchase Agreement (the "Agreement").

2. As a direct and proximate result of the breaches by Zemer and Guide, Digital has suffered damages in an amount to be proven at trial, in excess of $75,000.00.

**THE PARTIES**

3. Digital is a Michigan limited liability company with its principal place of business in Livonia, Michigan. Paul W. Bortell, III ("Bortell"), is the sole member of Digital. Bortell is a resident of the State of Michigan. Digital is in the business of manufacturing and selling removable wall stickers and decals throughout the United States.

4. Upon information and belief, Zemer is an Illinois corporation with its principal place of business in Chicago, Illinois. Before the parties entered into the Agreement, Zemer was in the business of manufacturing and selling removable wall stickers and decals throughout the United States.

5. Guide is the President and a shareholder of Zemer. She resides in Chicago, Illinois.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the citizenship of plaintiff Digital and defendants Zemer and Guide is diverse and the amount in controversy is in excess of $75,000.

7. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims made in this lawsuit occurred within the Northern District of Illinois.

## FACTUAL ALLEGATIONS

### The Parties' Agreement

8. In January 2016, Digital and Zemer agreed that Digital would purchase the assets of Zemer relating to Zemer's business of on-line sales of wall decals (the "Business"). The parties entered the Agreement effective January 13, 2016. A copy of the Agreement is attached to this Complaint as **Exhibit A.**

9. Among the intellectual property assets conveyed to Digital under the Agreement, Digital acquired the internet domains www.walltat.com, www.wallstickers.net and www.idecal.co and all web pages and web sites used in the operation of the Business. *Id*. Section I.1.B.i and iv.

10. In the Agreement, Zemer represented and warranted:

2

> [Zemer's] websites have not been subject to unauthorized intrusions and seller has not engaged in "shortcut" web marketing strategies including but not limited to: (1) optimized anchors (2) spamming guest blogs (3) purchase backlinks from a "link farm" (4) keyword stuffing (5) excessive link-backs (6) manipulation of page rank or use of doorway pages, bridge pages, portal pages, jump pages, gateway pages, entry pages, cloaking, etc, or (7) any other SEO practice specifically targeted by Google Penguin.

*Id.* Section I. 8.7. As to the purchased assets, Zemer also represented "[t]here are no known defects that have not been disclosed to [Digital]. *Id*. Section I.8.15.B.

11. Zemer made these representations and warranties "with knowledge and expectation that [Digital] is placing complete reliance on them." *Id.* Section I.8.24.

12. Zemer also agreed to indemnify Digital "against any and all costs, losses, claims, liabilities, fines, expenses, penalties and damages (including reasonable legal fees) . . . in connection or resulting from . . . any inaccuracy in any representation or breach of warranty of [Zemer] contained in this Agreement. . . ." *Id*. Section I.15.1.B.

13. In the Agreement, Guide signed a "Consent of Seller's Shareholder, which stated: "The undersigned shareholder of Seller, for good and valuable consideration, the receipt of which is acknowledged, joins in the above Agreement for the purpose of binding the undersigned to deliver the required Noncompetition Agreement as set forth in this Agreement and for the purpose of committing the undersigned to the warranties, representations and indemnification provisions of this Agreement." *Id.* Consent of Seller's Shareholder.

14. The parties never signed any written revision of the Agreement that modified or nullified any of its terms.

15. Digital complied with its obligations under the Agreement, including payment of the purchase price for the assets.

## Zemer and Guide Breach the Agreement with Digital

16. Following the closing on the Agreement, Digital experienced a precipitous drop-off in the organic web traffic to the web sites that it acquired under the Agreement. Revenue from sales also declined immediately.

17. Digital retained NetElixer, Inc. ("NetElixer"), a Google certified search engine optimization company, to investigate and audit the acquired web sites. NetElixer found evidence of excessive back links and optimized anchors prior to the time of the transfer of assets under the Agreement.

18. Digital also discovered that it had not received all of the graphic files associated with the domain names and web sites it acquired under Sections I.1.1(B)(vii) and (D) of the Agreement.

## CAUSE OF ACTION

## BREACH OF CONTRACT

19. Digital re-alleges as Paragraph 19 of Count I paragraphs 1-18 above.

20. Zemer and Guide breached Section I.8.7(F) of the Agreement by engaging in certain practices on the web sites, including, using optimized anchors and excessive and unnatural back-linking, the effect of which was to cause a substantial, persistent, ongoing decrease in traffic. As a result, the business revenue has been persistently trending downward.

21. Zemer and Guide breached Sections I.1.1(B)(vii) and (D) by failing to provide to Digital all of the images, contracts and licenses associated with the decals sold on the web sites.

22. Zemer and Guide's breaches proximately caused Digital damages, in an amount in excess of $75,000.

**WHEREFORE,** Digital prays the judgment be entered in its favor and against Zemer and Guide in an amount to be determined by the Court, in excess of $75,000, plus pre-judgment interest, costs and attorney's fees, and for such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Digital hereby demands trial by jury in this case.

          Respectfully submitted,
          DIGITAL DÉCOR
          INTERNATIONAL, LLC

          By:    s/ Steven L. Baron
                   One of its attorneys

Steven L. Baron (ARDC #6200868)
George Desh (ARDC #6305733)
Mandell Menkes LLC
One North Franklin Street
Suite 3600
Chicago, Illinois 60606
Tel: 312-251-1000
Email: sbaron@mandellmenkes.com
        gdesh@mandellmenkes.com